Samuel Rabin, J.
Defendants move for summary judgment dismissing the complaint on the merits, pursuant to the provisions of rule 113 of the Rules of Civil Practice. By cross motion, the plaintiff seeks the dismissal, as insufficient in law, of the first and.second affirmative defenses asserted in the answer of the defendants Sirlin Plumbing Co., and others, pursuant to rule 109 of the Rules of Civil Practice.
This action is to recover $50,000 “ set aside by counsel for sirlin plumbing co. and phelps holding coRP. and deposited in a special account pending the outcome of this action” and for a judgment declaring that the rights of certain lien creditors are subordinate and inferior to the claim of the plaintiff.
On July 13, 1959, the defendant, Sirlin Plumbing Co., filed a mechanic’s lien against the property of Babylon Country Club, Inc. On July 16, 1959, said defendant filed a Us pendens together with a summons and vertified complaint in an action to foreclose the aforesaid mechanic’s lien. A mortgage in the sum of $50,000 dated July 30, 1959, made by Babylon Country Club, Inc., to Marvin Traub covering the premises affected by the aforesaid mechanic’s lien, was recorded on August 6, 1959. Mechanics’ liens aggregating over $300,000 were filed against the property, $88,000 of which were filed prior to the recording of the aforesaid mortgage and the balance subsequent thereto.
Pursuant to the provisions of section 62 of the Lien Law, applications were made to the Supreme Court by the lienors who had filed their liens subsequent to July 16, 1959, to be made parties defendant in the action instituted by Sirlin Plumbing Co. Orders were made directing such joinder. That action was tried and a judgment of foreclosure and sale was made and entered on November 12, 1959.
At no time did Marvin Traub, the mortgagee of the aforesaid $50,000 mortgage, or any other owner or holder thereof, make application to be joined as a party defendant in the aforesaid mechanic’s lien foreclosure action, nor has application been made to amend or modify the terms of the resulting judgment.
On November 13, 1959, an involuntary petition in bankruptcy was filed against mortgagor Babylon Country Club, Inc., and it was thereafter adjudicated bankrupt and the plaintiff herein appointed trustee in bankruptcy on or about December 18, 1959. The order in bankruptcy proceedings appointing the receiver stayed all actions and proceedings against the Babylon Country Club, Inc. A motion for a permanent stay of the foreclosure sale, pursuant to the judgment dated November 12, 1959, and a *907 motion to vacate the stay in the receivership order were made. These motions were disposed of by a stipulation between the attorney for the plaintiff in the foreclosure action, and the attorney for the trustee in bankruptcy, providing, among other things, that the sale pursuant to the judgment might be held and that any priority of the $50,000 mortgage to or over the amount adjudged to the lienors in said judgment or any of them shall be established in the courts of the State of New York.
The foreclosure sale took place on January 18,1960, in accordance with this stipulation, and this action was commenced on or about July 1, 1960, in the Supreme Court, Kings County, by the trustee in bankruptcy to establish his rights as the present owner and holder of the Traub mortgage and to recover a portion of the proceeds of the sale.
It is the contention of the defendants that the plaintiff’s sole remedy is to apply in the foreclosure action for a modification of the judgment entered therein to establish his priority over other lienors and to provide for a change in the distribution of the proceeds of the sale of the property.
Section 121 of the Civil Practice Act, entitled “ Effect of notice ”, provides in part: “Where a notice of the pendency of an action may be filed, the pendency of the action is constructive notice, from the time of so filing the notice only, to a purchaser or incumbrancer of the property affected thereby, from or against a defendant with respect to whom the notice is directed to be indexed; except that if the notice of pendency is indexed by the county clerk in a block index, it shall be constructive notice to a purchaser or incumbrancer of the property affected thereby, from or against all defendants named in the notice of pendency. A person whose conveyance or incumbrance is subsequently executed or subsequently recorded is bound by all proceedings taken in the action after the filing of the notice as if he was a party to the action.” (Emphasis supplied.)
Clearly the plaintiff, claiming under a mortgage dated July 30, 1959, and recorded on August 6, 1959, is bound by the proceedings taken in the foreclosure action with respect to which a Us pendens was filed on July 16, 1959. That the plaintiff herein or his assignor did not become parties to said action does not free them from the effect of section 121. They are bound as much as if they were parties thereto.
This court is not persuaded that the stipulation hereinbefore referred to created a fund which was to be the subject of a separate suit. While the proceeds of the sale may have been deposited in a separate account, this did not free it from the legal effect of the judgment in the foreclosure action nor did *908 the stipulation between the attorney for the trustee and the attorney for Sirlin Plumbing Co. in the bankruptcy proceeding have that effect. It does not lie within the power of the two signatories to that stipulation to affect the rights of the other parties to the foreclosure action.
So long as the judgment in the foreclosure action stands, it is conclusive and cannot be attacked collaterally in an independent action such as this.
The defendants’ motion for summary judgment is granted without prejudice to the plaintiff’s right to obtain such relief as he may be entitled to in the foreclosure action. This disposition makes it unnecessary to pass upon the cross motion.